IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO.: 7:20-cv-75-M

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY a/s/o NATIONAL FOOTBALL LEAGUE<br><br>Plaintiff,<br><br>v.<br><br>XDS, LLC; CGS PREMIER, INC.; BLACK'S TIRE SERVICE, INC.; and POMP'S TIRE SERVICE, INC.<br><br>Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF CGS PREMIER, INC.'S MOTION TO DISMISS DEFENDANT POMP'S TIRE SERVICE, INC.'s CROSS-CLAIM FOR INDEMNITY** |

Defendant CGS Premier, Inc. (hereinafter "Defendant CGS") hereby submits its Memorandum of Law in Support of its Motion to Dismiss Defendant Pomp's Tire Service, Inc.'s Cross-Claim for indemnity pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

Markel American Insurance Company's (hereinafter "Markel") insured, the National Football League (hereinafter "NFL") contracted with Defendant XDS, LLC for the design and build of a trailer. [D.E. 1, ¶ 10]. In its Complaint, Markel alleges Defendant CGS, Defendant XDS, LLC Defendant Pomp's Tire Service, Inc. manufactured, assembled, and/or built the trailer. [D.E. 1, ¶¶ 10-13]. Markel alleges on October 6, 2017, Defendant Black's Tire Service, Inc. replaced two tires on the front left axel of the trailer. [D.E. 1, ¶ 15]. Markel alleges on October 7, 2017, the trailer caught on fire at the left axel of the trailer, damaging the trailer. [D.E. 1, ¶ 16]. Markel alleges, without any factual detail, that the fire "was caused by the negligent and careless acts and/or omissions of Defendants in their assembling, designing, fabrication, manufacturing,

warranting, servicing, inspecting, and maintaining" the trailer. [D.E. 1, ¶ 17]. As a result of the fire, Markel alleges it made payments to the NFL in excess of $75,000.00. [D.E. 1, ¶ 19]. Markel filed a Complaint seeking subrogation from the Defendants for its losses sustained in the fire. [D.E. 1, ¶ 20].

In its Answer, Defendant Pomp's Tire Service, Inc. asserted Cross-Claims against Defendant CGS for contribution and common law indemnity. [D.E. 21, ¶¶ 1-2 of Cross-Claim]

## STANDARD OF REVIEW

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be plausible on its face, a complaint must show more than "a sheer possibility that a defendant has acted unlawfully." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. *Id*. "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## ARGUMENT

I. **DEFENDANT POMP'S TIRE SERVICE, INC.'S CROSS-CLAIM FOR COMMON LAW INDEMNITY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GREANTED.**

In its Cross-Claim, Defendant Pomp's Tire Service, Inc. seeks to recover from Defendant CGS under a theory of common law indemnity. For the reasons set forth below, this Court should enter an Order granting Defendant CGS's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

"There exists in North Carolina a common law right to indemnification for a passively negligent tort-feasor from an actively negligent tort-feasor, for injuries caused to third parties." *Kaleel Builders, Inc. v. Ashby*, 161 N.C.App. 34, 41, 587 S.E.2d 470, 475 (2003). In explaining the relationship between the tort-feasors, our Supreme Court stated:

> Primary and secondary liability between defendants exists only when: (1) they are jointly and severally liable to the plaintiff; *and* (2) either (a) one has been passively negligent but is exposed to liability through the active negligence of the other or (b) one alone has done the act which produced the injury but the other is derivatively liable for the negligence of the former.

*Edwards v. Hamill*, 262 N.C. 528, 531, 138 S.E.2d 151, 153 (1964)(emphasis added).

"The party seeking indemnity must have imputed or derivative liability for the tortious conduct from which indemnity is sought." *Kaleel Builders* at 41, 587 S.E.2d at 475. "Thus, to successfully assert a right to indemnity based on a contract implied-in-law, a party must be able to prove each of the elements of an underlying tort such as negligence." *Schenkel & Shultz, Inc. v. Hermon F. Fox & Associates, P.C.*, 180 N.C.App. 257, 268, 636 S.E.2d 835, 843 (1996).

Defendant Pomp's Tire Service, Inc.'s Cross-Claim fails to allege any facts to prove the underlying elements of negligence by Defendant CGS. Defendant Pomp's Tire Service, Inc. conclusively cites to the Complaint's allegations of negligence by Defendant CGS as the basis for its common law indemnity claim without facts to support this allegation. Defendant CGS moved to dismiss plaintiff's claims for violation of the *Iqbal* and *Twombly* mandates. [D.E. 17]. Defendant CGS incorporates by reference the arguments made in support of that Motion herein. [D.E. 17]. Additionally, Defendant Pomp's Tire Service, Inc. fails to allege the elements of negligence as required by *Schenkel & Shultz, Inc.* Merely stating a party is negligent is insufficient to plead a negligence claim under *Iqbal* and *Twombly*. As a result, Defendant CGS's Motion to

Dismiss Defendant Pomp's Tire Service, Inc.'s Cross-Claim for common law indemnity should be granted.

## CONCLUSION

A plain reading of the Cross-Claim and applicable North Carolina law makes it clear that Defendant Pomp's Tire Service, Inc.'s claim for indemnity from Defendant CGS lacks a factual and legal basis. Therefore Defendant CGS's Motion to Dismiss should be granted.

This the 3rd day of June, 2020.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

By: /s/ J. Matthew Little
J. Matthew Little
NC State Bar No.: 20032
mlittle@teaguecampell.com
Patrick J. Scott
NC State Bar No.: 54985
pscott@teaguecampbell.com
Post Office Box 19207
Raleigh, North Carolina 27619-9207
Telephone: (919) 873-0166
Facsimile: (919) 873-1814
***Attorneys for Defendant CGS Premier, Inc.***

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.2(f), I hereby certify that the foregoing Document contains 893 words, excluding the parts of the document that are exempted by Local Rule 7.2(f). This certificate was prepared in reliance on the word-count function of the word processing software (Microsoft Word) used to prepare this Document.

This the 3rd day of June, 2020.

**TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P.**

BY: /s/ J. Matthew Little
      J. Matthew Little

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David M. Fothergill
Michael C. Gruman
Yates, McLamb & Weyher, LLP
Post Office Box 2889
Raleigh, North Carolina, 27602
dfothergill@ymwlaw.com
mgruman@ymwlaw.com

F. William DeVore, IV
DeVore, Acton & Stafford, PA
438 Queens Road
Charlotte, NC 28207
wdevore@devact.com

Michael Wallace
Stutman Law
20 East Taunton Road, Suite 403
Berlin, New Jersey 08009
wallacem@stutmanlaw.com

David M. Harmon
Vernis & Bowling
4601 Park Road, Suite 580
Charlotte, NC 28209
dharmon@ncarolina-law.com

This the 3rd day of June, 2020.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

By: /s/ J. Matthew Little
      J. Matthew Little