IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-cv-00075-M

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY a/s/o NATIONAL FOOTBALL LEAGUE, ) ) ) ) Plaintiff, ) ) v. ) ) XDS, LLC; CGS PREMIER, INC.; ) BLACK'S TIRE SERVICE, INC.; and ) POMP'S TIRE SERVICE, INC., ) ) Defendants. ) | **OPINION AND ORDER** |

This matter comes before the court on Plaintiff's motion seeking leave to file an amended complaint, filed September 9, 2020. [DE-58] For the reasons that follow, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## I. Background

A full background is set forth in full within the court's August 24, 2020 order dismissing Plaintiff's claims brought within the initial complaint against Defendant CGS Premier, Inc. ("CGS"). [DE-48] The proposed amended complaint that Plaintiff attaches to its motion adds factual allegations missing from the initial complaint and breaks out certain claims brought therein, some of which the court described within the August 24, 2020 order as insufficient to withstand CGS's Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion to dismiss. [DE-58-2]

1

## II. Legal standard

The Fourth Circuit has said:

> A plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading. Fed. R. Civ. P. 15(a). Once the defendant files a responsive pleading, however, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant, *id.*, but Rule 15(a) directs that leave to amend shall be freely given when justice so requires. This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities.
>
> We have interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when
>
> > [1] the amendment would be prejudicial to the opposing party,
> >
> > [2] there has been bad faith on the part of the moving party, or
> >
> > [3] the amendment would have been futile.

*Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (internal quotation marks and citations omitted).

## III. Analysis

### a. Prejudice

This court recently discussed what constitutes a prejudicial amendment within the meaning of *Laber*:

> Under Rule 15(a)(2), prejudice means that the party opposing the amendment would be hindered in the preparation of its case, or would have been prevented from taking some measure in support of its position. Thus, undue prejudice may justify denying a motion to amend if the amendment would require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, or would significantly delay the resolution of the dispute. A change in the theory of recovery may obviously sometimes cause substantial prejudice to a defendant, justifying denial of a motion to amend to assert that theory. An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery [h]as occurred.

2

*Hatteras/Cabo Yachts, LLC v. M/Y Epic*, No. 4:17-CV-00025-BR, 2020 U.S. Dist. LEXIS 59044, at *9–10 (E.D.N.C. Apr. 3, 2020) (internal quotation marks, brackets, and citations omitted). The *Laber* court made clear that "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing[,]" but that "[d]elay alone . . . is an insufficient reason to deny [a] motion to amend." 438 F.3d at 427.

None of Defendants have raised meaningful arguments that the proposed amendment would hinder their case preparations or prevent them from taking any action. And rather than changing its theory of the case, Plaintiff seeks leave to (1) plead additional factual detail and (2) make more discrete certain of its legal claims, all of which were previously brought within Plaintiff's initial complaint.

Therefore, the only arguable prejudice to Defendants results from Defendants' expenditure of resources litigating the initial complaint prior to the motion. Only CGS moved to dismiss the complaint on the basis of Plaintiff's pleading deficiencies prior to the court's August 24, 2020 order discussing those deficiencies. [DE-48] The resources expended by the non-CGS Defendants opposing the initial complaint were therefore minimal, and those parties' arguments regarding prejudice accordingly ring hollow.[1] The court therefore concludes that allowing the proposed amendments would not cause undue prejudice to the non-CGS Defendants.

By contrast, because CGS expended significant resources opposing the initial complaint leading up to the court's August 24, 2020 order, CGS can make a meaningful argument that it will be prejudiced by having to relitigate claims that it has already litigated because Plaintiff did not bring plausible claims against it in a more-timely manner. The court is empathetic to CGS's argument, as it also expended significant

---

[1] The court is unpersuaded by the arguments that the non-CGS Defendants' Federal Rule of Civil Procedure 12(c) motions seeking judgment on the pleadings on the initial complaint—which essentially piggyback off of CGS's Rule 12(b)(6) motion to dismiss (and the court's analysis in response that motion)—militate otherwise.

3

resources addressing Plaintiff's initial claims against CGS, which could have been more productively spent had Plaintiff moved to amend the complaint in response to CGS's motions rather than electing to argue in defense of deficient claims by invoking long-rejected interpretations of the federal pleading standard. [*see* DE-48 at 4 n.2]

Nevertheless, Plaintiff's motion seeking leave to amend (1) is Plaintiff's first such motion, (2) was filed approximately five months after the initial complaint was filed, and (3) came before the case progressed significantly into discovery. [*see* DE-46 (discovery deadline is August 2021)] For these reasons, and because the amendments sought merely expand upon the allegations made and theories invoked by the initial complaint, the court is persuaded that CGS would not be unduly prejudiced by granting Plaintiff leave to amend. *See Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013) (reversing denial of motion seeking leave to amend finding no undue prejudice noting that (1) motion seeking leave to amend was plaintiff's first, (2) the "proposed amended complaint merely elaborates on [an] allegation in the original complaint[,]" and (3) "[t]he legal theory remains the same"); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case."). The court's ultimate conclusion that Plaintiff may bring amended claims against CGS[2] is in keeping with the Fourth Circuit's "policy to liberally allow amendment[,]"

---

[2] CGS's argument that Plaintiff was required to accompany its motion seeking leave to amend with a motion under Federal Rules of Civil Procedure 59 or 60 falls short because the court did not certify its August 24, 2020 order as immediately appealable and no immediately-appealable final judgment was entered in the case. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." (emphasis added)).

4

*Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010), and the "federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities[,]" *Laber*, 438 F.3d at 426.

### b. Bad faith

Defendants have not argued that Plaintiff's motion seeking leave to amend was filed in bad faith, so the court does not consider that prospect.

### c. Futility

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards[.]" *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). The applicable rules, of course, include Federal Rules of Civil Procedure 8 and 12(b)(6).[3] *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (proposed amendments are futile if they "could not withstand a motion to dismiss").

Only Defendant XDS, LLC ("XDS") responded in opposition to Plaintiff's motion seeking leave to amend arguing that Plaintiff's proposed amendments would be futile. [DE-65] XDS argues that proposed counts II (negligence), III (N.C. Gen. Stat. § 99B products liability), and IV (breach of the implied warranty of fitness for a particular purpose) do not state plausible claims for relief and that the court should deny Plaintiff leave to bring those proposed claims. [DE-65] In reply, Plaintiff concedes that proposed counts II and III are deficient, but argues that proposed count IV would not be a futile amendment.

The court agrees with XDS. Both North Carolina and New York's versions of the Uniform Commercial Code set forth as follows:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or

---

[3] [*See* DE-48 at Section II (describing federal pleading standard under Rules 8 and 12(b)(6), including the plausibility standard first articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007))]

5

>modified under the next section an implied warranty that the goods shall be fit for such purpose.

N.C. Gen. Stat. § 25-2-315; N.Y. U.C.C. § 2-315. Courts in this circuit interpreting this provision have said that "to state a claim for breach of the implied warranty of fitness for a particular purpose, a plaintiff must allege the particular purpose for which the goods were bought as opposed to any 'ordinary use' covered by the warranty of merchantability." *Gregory Wood Prods. v. Advanced Sawmill Mach. Equip., Inc.*, No. 5:06-CV-00087, 2007 U.S. Dist. LEXIS 46245, at *15 (W.D.N.C. June 25, 2007).

Plaintiff's proposed count IV fails to allege the NFL's particular purpose for purchasing the Mediacruiser. Instead, Plaintiff alleges that "Defendant XDS impliedly warranted that the Mediacruiser and its component parts were . . . properly designed so as to be fit for *the purpose for which [the Mediacruiser] was intended.*" [DE-58-2 ¶ 92 (emphasis added)] Such conclusory pleading regarding the NFL's particular purpose for the Mediacruiser is plainly insufficient to plead an implied-warranty-of-fitness-for-a-particular-purpose claim. *Gregory Wood Prods., supra*; *Fairchild v. Kubota Tractor Corp.*, No. 1:18CV69, 2018 U.S. Dist. LEXIS 143227, at *15 (W.D.N.C. Aug. 23, 2018) (dismissing N.C. Gen. Stat. § 25-2-315 claim under Rule 12(b)(6) because it alleged "bare statements of the elements of this claim, without supporting facts," including that "Defendant, at the time of contracting[,] had reason to know the particular purpose for which the goods [were] required."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court accordingly concludes that proposed count IV's implied-warranty-of-fitness-for-a-particular-purpose claim would be a futile amendment, and leave to bring that claim will not be granted.[4]

---

[4] Even had Plaintiff alleged within the proposed amended complaint (as it argues "can be inferred" from the proposed amended complaint in reply to XDS's opposition) that the Mediacruiser's particular purpose was that it "be used for the NFL's events throughout the country" [DE-70 at 5], such an allegation would have been wholly indefinite. As a result, even assuming *arguendo* that it could be construed as an allegation

6

Finally, although CGS did not make futility-based arguments in opposition to Plaintiff's motion seeking leave to amend, the court had full briefing on and conducted an analysis of the initial complaint's claims brought against CGS in adjudicating CGS's motion to dismiss those claims, and Plaintiff's proposed count VII (implied-warranty claims against CGS) does not materially differ from the parallel claim (initial count III) that the court previously rejected. As discussed in depth within the court's August 24, 2020 order, North Carolina law does not allow a subrogee to bring an implied-warranty claim for its subrogor's economic losses against a party in the absence of privity of contract between the subrogor and that party. [*see* DE-48 at Section III(a)(iii)] Because proposed count VII does not allege privity of contract between the NFL and CGS, it fails under Rule 12(b)(6) and therefore would be a futile amendment, and leave to bring that claim will not be granted, either.

---

of a purpose full stop, Plaintiff's would-be allegation regarding the NFL's purpose is certainly not an allegation of any *particular* purpose, as Plaintiff was required to allege in order to properly state an implied-warranty-of-fitness-for-a-*particular*-purpose claim. *Gregory Wood Prods.*, *supra*.

7

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Plaintiff is DIRECTED to file an amended complaint omitting proposed counts II, III, VII, and the implied-warranty-of-fitness-for-a-particular-purpose aspect of count IV from the current proposed amended complaint within fourteen (14) days of the date entry of this order. Defendants shall thereafter respond to the amended complaint pursuant to the Federal Rules of Civil Procedure.

The initial complaint is rendered moot by the court's order allowing an amended complaint. *See Young v. City of Mount Rainier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." (internal quotation marks and citation omitted)). Accordingly, Defendants' other motions pending on the docket attacking the initial complaint [DE-51; DE-53; DE-60] are DISMISSED AS MOOT. *See Superior Performers, Inc. v. Meaike*, No. 1:13CV1149, 2014 U.S. Dist. LEXIS 158862, at *35–36 (M.D.N.C. Nov. 10, 2014) ("[B]ecause Defendants' arguments contained in its Motion to Dismiss[] pertain to the Causes of Action in Plaintiff's First Amended Complaint, and not to those Causes of Action in Plaintiff's proposed Second Amended Complaint, Defendants' Motion to Dismiss is now moot and must be dismissed without prejudice to refiling based upon the allegations and content of the Second Amended Complaint.").

SO ORDERED this the 28th day of January, 2021.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

8